UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM CULKIN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV01859ERW |
| | ) | |
| WALGREEN CO., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Defendant's Motion to Dismiss Counts II and III of Plaintiffs' Complaint [doc. #7] filed on October 13, 2005. For the reasons below, Defendant's Motion to Dismiss will be granted in part, and denied in part.

**I. BACKGROUND**

On August 26, 2005, Plaintiffs filed suit in Jefferson County, Missouri in state court. On October 13, 2005 Defendant removed the action to federal court. Plaintiffs' Complaint alleges that Defendant mislabeled the prescription drugs of Plaintiff William Culkin, resulting in toxic levels of the drug being ingested. Mr. Culkin alleges that he was damaged and now requires "assistance with transfers, wheelchair mobility, and basic self care needs, including feedings and grooming." Plaintiffs filed a three-count Complaint alleging (1) medical negligence; (2) ordinary negligence; and (3) negligence per se.

**II. MOTION TO DISMISS STANDARD**

In a motion to dismiss, the court must assume that all allegations in the complaint are true and construe all reasonable inferences in the plaintiff's favor. *Hafley v. Lohman*, 90 F.3d 264,

1

267 (8th Cir. 1996) (citing *McCormack v. Citibank*, N.A., 979 F.2d 643, 646 (8th Cir. 1992)). However, a complaint should be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In order to avoid a motion to dismiss, a plaintiff must state sufficient facts in the complaint to show that the defendants can be subjected to jurisdiction in Missouri. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004) (citation omitted).

## III. ANALYSIS

### *Count II - Negligence*

Count II of Plaintiffs' Complaint includes allegations that Defendant negligently failed to maintain proper procedures in filling prescriptions to ensure that appropriate quantities of drugs and medication were dispensed to patients. Defendant filed the instant Motion to Dismiss arguing that Count II is an attempt to plead negligence outside of the health care provider statutes or, in the alternative, Count II is duplicative of the medical negligence claim averred in Count I. Plaintiffs did not respond to Defendant's arguments regarding Count II. Thus, without addressing the merits of Defendant's arguments, this Court finds that Plaintiffs have abandoned their claim of general negligence against Defendant. The Court will assume that Plaintiffs intend to move forward with only their medical negligence and negligence per se claims. *See United States v. NHC Health Care Corp.*, 163 F. Supp.2d 1051, 1058-59 (W.D. Mo. 2001).

### *Count III - Negligence Per Se*

Count III of Plaintiffs' Complaint includes the allegation that Defendant's violation of § 338.059 of the Missouri Revised Statutes ("statutes") constituted negligence per se. Section 338.059 is a penal statute. *See* Mo. Rev. Stat. § 338.180 (providing for prosecution of those that

2

do not comply with § 338.059.); Mo. Rev. Stat. § 338.190 (providing that a conviction for a violation of § 338.059 is a class A misdemeanor). Section 338.059 mandates that pharmacists shall affix a label to containers containing prescription drugs with information including, *inter alia*: "The patient's name;. . . The prescriber's directions for usage;. . . The exact name and dosage of the drug dispensed. . ." Mo. Rev. Stat. § 338.059. Defendant argues that Count III should be dismissed because Plaintiffs cannot establish that the legislature intended to create a private cause of action for violations of § 338.059.

"Negligence per se arises when the legislature pronounces in a statute what the conduct of a reasonable person must be, whether or not the common law would require similar conduct, and the court then adopts the statutory standard of care to define the standard of conduct of [a] reasonable person." *Burns v. Frontier II Properties Ltd.*, 106 S.W.3d 1, 3-4 (Mo. Ct. App. 2003). Courts must be cautious when applying the doctrine, *Monteer v. Prospectors Lounge, Inc.*, 821 S.W.2d 898, 900 (Mo. Ct. App. 1992), because the application of negligence per se relieves the plaintiff of proving the breach of the standard of care since "the statutory violation itself constitutes a breach of the standard of care." *Steele v. Evenflo Co.*, 2005 WL 2851571, at *2 (Mo. Ct. App. Nov. 1, 2005). "Negligence per se is in effect a presumption that one who has violated a safety statute has violated his legal duty to use due care." *Lowdermilk v. Vescovo Building and Realty Co., Inc.*, 91 S.W.3d 617, 628 (Mo. Ct. App. 2002) (quoting 57A Am. Jur.2d 727 (1989)). In order to allege negligence per se, the plaintiff must show

> 1) a violation of a statute or ordinance; 2) the injured party must be within the class of persons intended to be protected by the statute or ordinance; 3) the injury complained of must be of the nature that the statute or ordinance was designed to prevent; and 4) the violation of the statute or ordinance must be the proximate cause of the injury.

3

*Id*.  Here, it is clear that all the requirements have been met, or, at a minimum, there is a question of fact as to whether the requirement was met.

"In the analysis of negligence per se, the precursor is a violation of a statute." *Sill v. Burlington Northern Railroad*, 87 S.W.3d 386, 392 (Mo. Ct. App. 2002).  Plaintiff alleges a violation of a statute, § 338.059 relating to how prescriptions must be labeled.  Plaintiffs are precisely the type of people that the statute aims to protect.  It is clear that the statute was enacted to protect pharmacy customers from taking too much of a prescribed drug or the wrong type of drug.  Here, the allege injury occurred when Defendant mislabeled the prescription drugs, and Mr. Culkin overdosed.  Mr. Culkin is within the class of persons intended to be protected by this statute.  Mr. Culkin's overdose is the type of injury that this statutes seeks to prevent.  Finally, Plaintiffs do allege that the violation of the statute was the proximate cause of Mr. Culkin's injuries.

If the statute is penal in nature, the plaintiff must also demonstrate that "[t]he injured party is in the class of persons for whose protection the statute was enacted," and that "[t]he statute was enacted to protect persons or property, conserve public health, or promote public safety." *King v. Morgan*, 873 S.W.2d 272, 275 (Mo. Ct. App. 1994).  Here, the statute is penal because offenders can be prosecuted.  Thus, the additional requirements apply in this case.  As noted above, Plaintiffs fall into the "class of persons for whose protection the statute was enacted."

The final question presented to this Court is whether § 338.059 was enacted to protect persons, conserve public health, or promote public safety.  *See King*, 873 S.W.2d at 276.  "The test to determine whether a violation of a statute may constitute negligence per se depends on

4

legislative intent." *Lowdermilk*, 91 S.W.3d at 629. "A private right will not be implied [] when it does not promote or accomplish the primary goals of the statute." *Imperial Premium Finance, Inc. v. Northland Ins. Co.*, 861 S.W.2d 596, 599 (Mo. Ct. App. 1993) (citing *Shqeir v. Equifax, Inc.*, 636 S.W.2d 944, 948 (Mo. 1982)). It is quite clear from the plain language of the statute that § 338.059 was enacted to protect the public health by preventing consumers from taking the wrong prescription drug and from overdosing on prescribed drugs. Since Plaintiffs have met all the requirements necessary to allege negligence per se, Defendant's Motion as to Count III will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [doc. #7] is **GRANTED in part, and DENIED in part**. Defendant's Motion as to Counts II is **GRANTED** and Count II will be **DISMISSED**. Defendant's Motion as to Count III is **DENIED**.

An appropriate order of dismissal will accompany this Order.

Dated this 27th day of March, 2006.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE